## Court of General Sessions—New York County.

*January*, 1884.

## PEOPLE v. BECKWITH.

WHEN CRIMINAL ACTION COMMENCED.—DISMISSAL OF INDICT-
    MENTS FOUND BEFORE CODE CRIMINAL PROCEDURE.

A criminal action is commenced when the indictment is filed and becomes
    a record of the court.

All indictments filed previous to the time of taking effect of the Code of
    Criminal Procedure, must be governed by the previously existing
    practice and procedure.

Such an indictment cannot be dismissed by the court upon the motion of
    defendant under § 671 of that Code.

Motion to dismiss twelve indictments against defendant
Charles R. Beckwith.

The facts appear in the opinion.

The indictments referred to were found against defendant,
for alleged embezzlements and forgeries committed to the
prejudice of B. T. Babbitt, in whose employment he was. The
total loss sustained by the complainant by the series of embezzle-
ments and forgeries of which a part were alleged to have been
committed by defendant, was $1,200,000. At the time of the
motion the defendant was not in custody, having left the country
as soon as his imprisonment on his convictions on two indict-
ments had expired.

*William Fullerton*, for the motion, on behalf of defendant.
—The court has power under *Code Crim. Pro.* § 671, to dismiss
these indictments. This section applies to criminal indictments
found before the *Code Crim. Pro.* went into effect.

Section 962 of that Code is as follows: " This Code applies
to *criminal actions*, and to all other *proceedings in criminal
cases* which are herein provided for, from the time it takes
effect, but all such actions and proceedings, theretofore com-
menced must be conducted in the same manner as if this Code
had not been passed." A criminal action is " The proceeding
by which a party charged with crime is accused and brought to

trial and punishment." *Code Crim. Pro.* § 5. This motion is not a " criminal action," because defendant is not charged with crime nor is he brought to trial and punishment. Nor is it a " proceeding in a criminal case," under § 962; that is one which relates to the conduct of the case in its different stages to bring one charged with crime to trial and punishment.

The question is a new one in this State, but under a similar statute in Virginia, it was held that such a motion should be governed by the law prevailing at the time of the making the motion. Adcock's case, 8 *Gratt.* (*Va.*) 662.

But even under the law prior to the Code of Criminal Procedure, defendant is entitled to his discharge, under 2 R. S. 787 (part 4, chap. 2, tit. 5), §§ 28–30, which provides that a prisoner indicted for offenses triable in courts of sessions, or oyer and terminer, and committed to prison, whose trial shall not be postponed at his instance, shall be discharged unless brought to trial before the end of the next term of said courts held in the county in which he is imprisoned, unless satisfactory cause to the contrary be shown, in which case the prisoner may be remanded or held to bail.

The delay in bringing defendant to trial cannot be excused by the fact that the defendant was in state prison, for power to produce and try him when so imprisoned, is given by the Revised Statutes, part 4, chap. 3, tit. 3, § 158.

*Peter B. Olney,* district attorney, opposed to motion.— Adcock's case, 8 *Gratt.* 680, has no application. The law there discussed was on the effect of a repeal which it was declared "should not affect any offenses," etc., committed before its passage. It was the *repeal* which was not to affect. In our Code it is the *passage* of the Code which is not to affect. The Virginia statute is an exception in a repealing clause of a statute; the Code is a proviso that a new law shall not apply.

RUFUS B. COWING, City Judge.—The grand jury of this county, in the year 1876, found and presented to this court, fourteen different indictment against the defendant. In some, the defendant was charged with embezzlement and in the others with forgery.

Some time in the latter part of the year 1876, the defendant

was tried and found guilty, upon two of the said indictments; and was sentenced by the court, to state prison, for the term of five years on each, making ten years in all.

The defendant having served out his term of imprisonment, less commutation for good conduct, now moves the court, under section 671 of the Court of Criminal Procedure, for the dismissal of the remaining twelve untried indictments.

The district attorney opposes the motion, upon the ground, among others, that the court has no power to grant it.

After a careful examination, I have reluctantly come to the conclusion that the district attorney is right.

I have come to the conclusion, that this motion must be determined by the practice and procedure, as it existed before the first day of September, 1881, when the Code of Criminal Procedure went into effect; and that neither section 671 nor 668 of the said Code, can be invoked to aid in deciding it.

All the alleged offenses, set forth in the said indictments, were committed, and all the indictments were found and presented, and became records of this court, long before the said Code containing sections 668 and 671, went into effect. Both of said sections are new, and were not law previous to the Code.

Section 962 of the said code expressly provides, that all actions and proceedings, commenced before the first of September, 1881, "*must be conducted in the same manner as if this Code had not been passed.*" In my judgment, a criminal action is commenced, so far as this court is concerned, when the indictment is filed, and becomes a record of this court : and it follows, that all indictments filed in this court, previous to September 1, 1881 (which is the case with all the indictments in question), must be tried in the same manner, as if there were no law in existence like that mentioned in said sections 668 and 671: or, in other words, we must be guided by the practice and procedure, as it existed previous to the Code, in the final disposition of the remaining indictments. I have failed to find any rule of law or practice, existing before the Code, giving me the power, upon a motion like this, to dismiss an indictment.

The Revised Statutes provided that the court might discharge a *prisoner*, who should not be brought to trial, before the end of the next term of the court held after filing the indictment.

It will be observed, that this does not give the court power, as does section 668 of the Code, to dismiss the indictment; but only to discharge the prisoner from imprisonment.

The old practice of entering a *nolle prosequi* is abolished by section 672 of the Code ; and under the old practice, that was a proceeding which had to be initiated by the district attorney. The court never had the power, of its own motion to direct the entry of a *nolle prosequi*. It required the joint action of the district attorney and the court; and one could not act in that respect, without the other.

As I said before, I have reluctantly come to the conclusion that I have no power to grant the defendant's motion, for the reason that all the circumstances, and the usual practice followed in this court, indicate pretty clearly to my mind, that there was, at least, a tacit understanding, that the trial, conviction and sentence of the defendant, upon the two indictments, would answer the ends of justice. Subsequent events have rather confirmed me in this belief; so that, it now seems to me, to savor rather more of persecution than prosecution.

The motion is denied for want of power.